UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HOMEWOOD VILLAGE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TWELVE 74 LLC, f/k/a, )<br>TWENTYONE 12, LLC; and )<br>SEAN COOPER, )<br>)<br>Defendants. )<br>                                 ) | Civil Action No.<br>3:22-cv-00100-CDL |

## **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Homewood Village, LLC's ("Plaintiff") Motion for Final Default Judgment against Defendants Twelve 74 LLC f/k/a TwentyOne 12, LLC and Sean Cooper ("Cooper") (collectively, "Defendants"). After reviewing Plaintiff's Motion, the Court finds that Defendants were properly served with the Summonses and Plaintiff's Complaint but have failed to file an Answer or otherwise file responsive pleadings in accordance with the Federal Rules of Civil Procedure. Accordingly, the Clerk, at Plaintiff's request, entered an Entry of Default on May 22, 2023. Defendants' failure to answer establishes their liability, and all that remains is a determination of the damages.

After reviewing the Plaintiff's Motion, the Declaration of Angel Beriault, the Declaration of Staci Garrett, and the Declaration of Plaintiff's counsel, attached thereto, and all other matters of record, the Court **GRANTS** Plaintiff's Motion and hereby finds the factual allegations in the Complaint and attached exhibits deemed admitted by Defendants, establishing that Defendants breached the Lease and Guaranty.

No evidentiary hearing is necessary to determine Plaintiff's damages for Defendants' breaches of Sections 2.7, 2.8, and 3.1 of the Lease because Plaintiff has filed the Declaration of Angel Beriault in which Ms. Beriault attests to the authenticity of the Lease and Guaranty and the Statement of Account attached as Exhibit A thereto reflecting Defendants' past due and owing rent, interest, and late fees in the amount of $277,395.70.

No evidentiary hearing is necessary to determine Plaintiff's damages for Defendants' breaches of Sections 6.1, 6.3, and 6.6 of the Lease because Plaintiff's have filed the Declaration of Staci Garrett in which Ms. Garrett also attests to the authenticity of the Lease and Guaranty and to the payment records, invoices, and work order summaries, attached as Exhibit A to her Declaration, for repairs and other damages resulting from Defendants' breaches of Sections 6.1, 6.3, and 6.6 totaling $49,055.89. Ms. Garrett has further attested to a detailed summary of the payment

records, invoices, and work order summaries comprising Exhibit A to her Declaration.

Finally, no evidentiary hearing is necessary to grant Plaintiff's request for attorney's fees under O.C.G.A. § 13-1-11 because Defendants' liability for reasonable attorney's fees is determined by reference to the formula provided under O.C.G.A. § 13-1-11(a)(2) in the amount of $27,764.57.

For the foregoing reasons, Plaintiff's Motion for Entry of Final Default Judgment is **GRANTED**. Judgment will be entered in favor of Plaintiff and against Defendants Twelve 74 LLC f/k/a TwentyOne 12, LLC and Sean Cooper in the following amounts:

(a) **$277,395.70** representing past due rent, interest, and late fees;

(b) **$49,055.89** representing damages to the Premises and Defendants' failure to repair the Premises;

(c) **$27,764.57** in attorney's fees pursuant to O.C.G.A. § 13-1-11; and

(d) With post-judgment interest to accrue at the default rate set forth under 28 U.S.C.A. § 1961.

**SO ORDERED**, this 11th day of July, 2023.

                                                S/Clay D. Land
                                        CLAY D. LAND
                                        UNITED STATES DISTRICT JUDGE